ENRIQUE APONTE ROSA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* O-76-173    *Resuelto:* 6 de octubre de 1976

*Rivera Báez, Santiago Burgos & Correa Cintrón,* abogados del recurrente; *Guillermo Figueroa Prieto* y *Francisco Falú Lebrón,* abogados del Fondo del Seguro del Estado.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

La Ley de Compensaciones por Accidentes del Trabajo dispone que en casos de obreros menores de dieciocho (18) años que fueren empleados en contravención a las leyes vigentes a la fecha de empleo, que murieren como consecuencia de accidentes del trabajo cubiertos por dicha ley, corresponde a sus dependientes el doble del importe que correspondería a un obrero empleado legalmente. Dicha compensación adicional habrá de ser pagada por el patrono haciéndose efectiva en la misma forma provista por la ley para el cobro de la compensación en casos de patronos no asegurados, pero el Administrador del Fondo, antes de proceder al cobro de la referida compensación adicional al patrono, dará traslado del expediente a la Comisión Industrial para que ésta dé, tanto al patrono como al obrero, (léase dependientes), oportunidad de ser oídos y defenderse. 11 L.P.R.A. sec. 3.

El Administrador del Fondo extendió los beneficios de la ley, en el caso de epígrafe, a los padres dependientes del menor Jorge Luis Cotto Claudio,[1] de quince (15) años de

---

[1] Se otorgó una compensación equivalente al 66⅔% del jornal que percibía el obrero, computada conforme dispone la ley, y pagadera por mensualidades vencidas, por un período que no excederá de 540 semanas ni de $10,500. La compensación ordenada habrá de dividirse entre los dos padres a razón de $50 mensuales para cada uno de ellos.

edad, al concluir que dicho menor murió como consecuencia de un accidente del trabajo, y aplicó la doble penalidad de la Sec. 3 citada precedentemente por tratarse de un menor de dieciocho (18) años que trabajaba sin el permiso del Departamento del Trabajo que requiere la ley. 29 L.P.R.A. secs. 431–448. El referido menor trabajaba como ayudante en la panadería del patrono demandado Enrique Aponte Rosa. Este apareció muerto dentro de la máquina de amasar pan, habiendo revelado la autopsia que la muerte fue causada por "shock hipovolémico debido a ruptura traumativa de la aorta."

De acuerdo con lo dispuesto en la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 3, sobre el derecho a doble compensación, el Administrador elevó el expediente a la Comisión Industrial para que ésta concediese al patrono y a los beneficiarios la oportunidad de ser oídos y defenderse. *Silva* v. *Comisión Industrial*, 91 D.P.R. 891 (1965).

El patrono planteó como defensa que al emplear al trabajador aquí envuelto lo hizo de buena fe bajo la impresión y apariencia de que el menor era mayor de 18 años. Planteó además como defensa que los padres del menor no cumplen con el requisito de beneficiario que impone la ley. La Comisión celebró una vista pública a la que comparecieron el padre del menor fallecido, el patrono Enrique Aponte Rosa y el Administrador del Fondo e hizo las siguientes conclusiones de hecho:

"(1)  El menor obrero occiso a la fecha del accidente tenía 15 años con 7 meses de edad aproximadamente.

(2)  El menor occiso, medía 5 pies con tres (3) pulgadas y pesaba entre 135 a 145 libras.

(3)  El padre del menor tenía conocimiento de que su hijo trabajaba con el patrono Sr. Enrique Aponte.

(4)  El padre del menor recibía parte del salario del menor.

(5)  El menor había trabajado en una Cafetería en Caguas antes de trabajar con el patrono Enrique Aponte.

(6) El patrono le preguntó al menor sobre su experiencia de trabajo antes de emplearlo.

(7) El patrono empleó al menor porque le caía simpático ya que era fornido.

(8) El patrono manifestó en el hogar del occiso, después del accidente, que creía que el obrero occiso era mayor de edad.

(9) El menor occiso trabajó en dos ocasiones distintas en la panadería del Sr. Enrique Aponte Rosa lavando bandejas de dulces de repostería."

En vista de los hechos expuestos la Comisión concluyó que no habiéndose presentado evidencia por el patrono sobre manifestaciones o expresiones hechas por el menor a los efectos de que era mayor de edad, ni haber presentado evidencia alguna contra la determinación hecha por el Administrador en el sentido de que los padres del menor eran sus dependientes conforme lo dispone la ley, consideró renunciadas dichas dos defensas por el patrono.

En *Silva* v. *Comisión Industrial*, supra, negamos los beneficios de la doble compensación a un menor de diecisiete (17) años de edad, por aparecer que tanto el menor lesionado en el accidente del trabajo como su padre indujeron al patrono a error en cuanto a la verdadera edad del menor. Allí surgió que el menor había trabajado antes con otros patronos y en esas ocasiones el menor y/o su padre mentían sobre la edad del menor alegando que éste tenía tarjeta de seguro social, aunque nunca la produjeron. Nuestro *ratio decidendi* descansó en la oportunidad que ofrece la ley al patrono, antes de proceder el Administrador del Fondo al cobro de la compensación adicional para que comparezca ante la Comisión Industrial, junto al trabajador (o sus dependientes) para ser oídos y defenderse. Entendemos que tal oportunidad no constituye un acto fútil ni una frase hueca.

En el caso de epígrafe según las propias conclusiones de hecho de la Comisión surge que el menor medía cinco pies tres pulgadas y pesaba de 135 a 145 libras, y que el patrono

lo empleó por encontrarlo fornido. El informe de la autopsia revela un peso de 145 libras. El padre del menor según las determinaciones de hecho tenía conocimiento de que su hijo trabajaba en la panadería del patrono recurrente, que antes había trabajado allí por poco tiempo, y que con anterioridad había trabajado en una cafetería en Caguas. Surge además que el padre recibía parte del salario del menor. También concluyó la Comisión que el patrono manifestó en el hogar del menor, después de muerto, que le pareció, al emplearlo, que era mayor de edad.

Lo que inexplicablemente no surge de las conclusiones de hecho de la Comisión, pero que surge de las admisiones que hizo en la vista el padre del menor, es su insistencia de que el menor tenía permiso del Departamento del Trabajo, y que dicho permiso "estaba en casa enganchado en las cosas de él"; que él (el padre) sabía del permiso porque él mismo lo obtuvo en la oficina del Departamento del Trabajo en Caguas, cuyo permiso le entregó al patrono después de la muerte del menor. El patrono declaró que había enviado luego los permisos al Departamento del Trabajo y al Fondo del Seguro del Estado. Surgió, sin embargo, en la vista una certificación del Departamento del Trabajo indicativa de que en los años 1970–71 no existía permiso expedido a nombre del menor aludido.

Expedimos una orden dirigida a la parte recurrida Fondo del Seguro del Estado y a Feliciano Cotto Fuentes y Valentina Claudio Delgado, padres y dependientes del menor fallecido, para que mostraran causa por la que no debíamos expedir el auto para revocar la resolución dictada por la Comisión Industrial que concedía una doble compensación a los dependientes del menor.

Compareció el Administrador del Fondo pero su argumentación no nos ha convencido para apartarnos de la doctrina sentada en *Silva v. Comisión Industrial,* supra. Tuvimos además el beneficio de la transcripción del récord taquigráfico de la vista pública celebrada el 5 de junio de 1973

ante la Comisión Industrial, que autorizamos a los fines de pasar juicio sobre la expedición del recurso. Establecimos allí y ratificamos ahora el principio de que un menor de dieciocho (18) años cuyo aspecto físico refleja ser mayor de esa edad, que ha realizado labores con anterioridad con otros patronos, cuyo padre sabe que está empleado y aún más, se beneficia con parte de la compensación recibida por el menor sin levantar objeción a ello, son factores que inducen a un patrono a creer que está cumpliendo con la ley. En este caso en particular existe la certeza del padre de que el menor está debidamente autorizado a trabajar por poseer un permiso del Departamento del Trabajo que él mismo (el padre) obtuvo de una de las oficinas de dicho Departamento. El patrono no debe responder por la doble penalidad en tales circunstancias.

*Se ·expedirá el auto solicitado en el caso C.I.-72-4-3833 (F.S.E.-71-94-00043), Jorge Luis Cotto Claudio, Lesionado (occiso), Enrique Aponte Rosa, Patrono, Fondo de Seguro del Estado, y se revocará la Resolución dictada por la Comisión Industrial en 21 de agosto de 1973.*